# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| FREDERICK LEBURN MYERS, | ) |
| Petitioner, | ) |
| v. | ) CV418-083 |
| JOHN WILCHER, *Sheriff*, | ) |
| Respondent. | ) |

## REPORT AND RECOMMENDATION

Frederick Leburn Myers has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging various defects in his state criminal case. Doc. 1. He also seeks leave to file his § 2254 petition *in forma pauperis* (IFP). Doc. 2. Finding him indigent, the Court **GRANTS** his IFP motion. Preliminary review under Rule 4 of the Rules Governing Section 2254 Cases shows, however, that his petition must be dismissed as prematurely filed.

Myers' state criminal case remains open, though well aged. Doc. 1 at 1 & 16 (complaining that he has not been convicted or acquitted due to a "40 month delay in processing [his] case"). The state court's docket reflects an active docket: competency evaluations, evidentiary hearings, and the withdrawal of counsel have taken their toll on the expedient

resolution of the case. *See State v. Myers*, CR15-0463 (Chatham County Super. Ct.). Indeed, trial has been set and then continued, and Myers is proceeding *pro se* in his own defense. *Id.* In other words, it is not apparent that the delay in resolving his underlying criminal case is unexplained or unwarranted. He has not, however, had his trial by a jury of his peers. Despite the fact that his criminal prosecution is still ongoing, he seeks federal habeas relief under § 2254.

By his own admission, Myers has yet to be sentenced or convicted, and thus there is no state court "judgment" for this Court to review under 28 U.S.C. § 2254 (which applies only to prisoners held "in custody pursuant to the *judgment* of a State court.") (emphasis added). Even if such a judgment had been entered, it is clear that his petition is not yet ripe for review for he's yet to exhaust his available state remedies by filing a direct appeal or seeking state habeas relief. 28 U.S.C. § 2254(1)(b)(1)(A) (a petition for a writ of habeas corpus "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State."); *Younger v. Harris*, 401 U.S. 37, 53-54 (1971) (except in extraordinary circumstances, a federal court must abstain from deciding issues in an ongoing criminal

proceeding in state court); *Maharaj v. Sec'y for Dep't of Corrs.*, 304 F.3d 1345, 1348-49 (11th Cir. 2002) (a § 2254 petition for habeas corpus relief is not ripe for review where the challenged state convictions and sentences are not final at the time of filing).[1]

This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned

---

[1] A stay of this case is also not warranted, as petitioner has made no showing of "good cause" for his "failure to exhaust his claims first in the state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005).

The Court also notes that, among his complaints of defects in his state criminal proceedings, Myers raises a claim for malicious prosecution. *See* doc. 1 at 2-28. That claim is properly brought in the form of a 42 U.S.C. § 1983 civil rights complaint. *See Wood v. Kesler*, 323 F.3d 872, 881 (11th Cir. 2003). But a requisite element of a malicious prosecution claim is that the criminal prosecution has been terminated in plaintiff's favor. That clearly has not (yet) happened here. Myers therefore cannot bring suit challenging the wrongfulness of the state's prosecution until it is terminated in his favor or his conviction is overturned on appeal or through a successful collateral challenge.

In sum, whether construed as a *habeas* petition or § 1983 complaint, Myers alleges no facts upon which this Court could even conceivably grant relief. He must first resolve his state prosecution (in other words, get a final judgment) and, if he is convicted, *then* must properly exhaust his state administrative remedies before seeking federal *habeas* relief. *See Wilkinson v. Dotson*, 544 U.S. 74, 78-79 (2005) (federal "habeas corpus actions require a petitioner fully to exhaust state remedies"); 28 U.S.C. §§ 2254(b), (c). Absent exceptional circumstances, this Court cannot interfere with the state's prosecution simply because he is unhappy with its duration.

"Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

Applying the Certificate of Appealability (COA) standards, which are set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue. 28 U.S.C. § 2253(c)(1); *see Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (approving *sua sponte* denial of COA before movant filed a notice of appeal). And, as there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Thus, *in forma pauperis* status on appeal should

likewise be **DENIED**.  28 U.S.C. § 1915(a)(3).

**SO REPORTED AND RECOMMENDED,** this __18th__ day of April, 2018.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA