UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| FREDERICK LEBURN MYERS, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CV418-083 |
| JOHN WILCHER, *Sheriff*, | ) | |
| Respondent. | ) | |

## ORDER

Frederick Leburn Myers filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging various defects in his state criminal case. Doc. 1. The Court recommended dismissal of his petition, given that his "state criminal case remains open, though well aged," with an "active docket" including "competency evaluations, evidentiary hearings, and the withdrawal of counsel [that] have taken their toll on the expedient resolution of the case." Doc. 4 at 1 (citing *State v. Myers*, CR15-0463 (Chatham County Super. Ct.)); *see attached* (docket sheet). Myers disputes that characterization, arguing that "only one hearing has been held in over 40 months" and that, contrary to what has been memorialized on the public docket, no trial date has ever been set. Doc. 5 (objections to report and recommendation) at 3.

Regardless, Myers does not dispute that his criminal prosecution is indeed still ongoing, and that he seeks federal habeas relief under § 2254 both without first receiving any final state court "judgment" and without pursuing any form of state habeas relief. Doc. 5; *see* 28 U.S.C. § 2254 (the section applies only to prisoners held "in custody pursuant to the *judgment* of a State court" and "shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State.") (emphasis added). His § 2254 petition thus is **DISMISSED without prejudice** as it is both premature and unexhausted.

Myers also argues that his petition should have been evaluated under 28 U.S.C. § 2241, which does not require a final state court judgment. Doc. 5; *see Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261-62 (11th Cir. 2004) (pretrial detainees alleging that their continued detention violates the constitution may pursue habeas relief under § 2241, as they are not "in custody pursuant to the judgment of a State court" within the meaning of § 2254). It does, however, still require exhaustion. *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (both § 2254 and § 2241 petitions "require a petitioner to fully exhaust state

2

remedies"); *Thomas v. Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."); *see also Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015) (noting that the judicially created exhaustion requirement under § 2241 is not jurisdictional, but remains a prerequisite to pursuing habeas relief). And Myers admits that he has not filed a state habeas petition challenging his pre-trial detention. Doc. 1 at 2-6; *Harvey v. Corbin*, 2011 WL 4369828 at * 2 (S.D. Ga. Aug. 12, 2011) (petition unexhausted where petitioner "has not alleged, and there is nothing in the record to suggest, that he filed a state habeas petition challenging his pre-trial detention."). Therefore, in the alternative, his petition must still be **DISMISSED without prejudice** so that he may exhaust his available state remedies.[1]

---

[1] Myers also disputes that he is proceeding *pro se* in the underlying criminal case. The state docket reflects that he has retained counsel but is still classed as proceeding *pro se*. *See* attached (state criminal docket). His status is inapposite to his failure to exhaust his administrative remedies, but does further underscore that if his case is not moving along fast enough for his liking *he has counsel* who can either move it forward, seek pretrial habeas relief on his behalf, or file a request for a writ of mandamus from the Supreme Court to get it moving. *See* O.C.G.A. § 9-6-20.

3

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation. Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court and petitioner's 28 U.S.C. § 2254 petition is **DISMISSED**. Petitioner is also not entitled to a Certificate of Appealability, rendering moot any request for *in forma pauperis* status on appeal.

**ORDER ENTERED** at Augusta, Georgia, this ____ day of May, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA